IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANCISCO BARRAGAN and LIBERTO DE LA ROSA, on behalf of themselves and all other similarly situated persons, known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>EVANGER'S DOG AND CAT FOOD CO., INC, HOLLY N. SHER AND JOEL SHER, individually,<br><br>Defendants. | FILED: JANUARY 13, 2009<br>Case No. 09CV227<br>Judge JUDGE DOW<br>MAGISTRATE JUDGE MASON<br>TG |

## COMPLAINT

Plaintiffs Francisco Barragan and Liberto De La Rosa, on behalf of themselves and all other similarly situated persons, known and unknown, through their attorneys, for their Complaint against Evanger's Dog and Cat Food Company, Inc. (Evanger's), Holly N. Sher and Joel Sher, individually, (collectively "Defendants") state as follows:

### NATURE OF PLAINTIFFS' CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C.§ 201, *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), for Defendants' failure to pay all overtime wages to Plaintiffs and other similarly-situated persons for all time worked in excess of forty (40) hours in individual workweeks. Copies of Plaintiffs' consent forms to act as representative Plaintiffs in this collective action under the FLSA are attached hereto as Group Exhibit A.

2. Defendants own and operate at a manufacturing facility in Wheeling, Illinois, in this judicial district. Plaintiffs and the class they seek to represent are hourly employees who

1

work for Defendants in excess of forty (40) hours in individual work weeks, but are not paid state and federal overtime wages required by 820 ILCS 105/1, *et seq.* and 29 U.S.C. §201, *et seq.*

## THE PARTIES

3. Plaintiffs reside in and are domiciled within this judicial district.

4. Within the prior three years, Plaintiffs were employed by Defendants as "employee(s)" as defined by Section 3(d) of the IMWL, 820 ILCS 105/3, and Section 3(e)(1) of the FLSA, 29 U.S.C. §203(e)(1).

5. At all relevant times, Defendants were Plaintiffs' "employer(s)" subject to the IMWL, 820 ILCS §105/3(c), and the FLSA, 29 U.S.C. §203(d).

6. During the course of their employment, Plaintiffs handled goods that moved in interstate commerce and were not exempt from the maximum hour provisions of the FLSA, 29 U.S.C. §207, or the IMWL, 820 ILCS 105/1 *et seq.*

7. Defendant Evanger's Dog and Cat Food Company, Inc. is an Illinois corporation doing business within this judicial district. Defendant Evanger's is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

8. Defendant Holly N. Sher is involved in the day-to-day business operations of Defendants. Among other things, Defendant Joel Sher has the authority and exercises the authority to hire and fire employees, to direct and supervise the work of the employees, sign on the checking accounts, including payroll accounts, and participate in decisions regarding employee compensation and capital expenditures.

9. Defendant Joel Sher is involved in the day-to-day business operations of Defendants. Among other things, Defendant Holly Sher has the authority and exercises the authority to hire and fire employees, to direct and supervise the work of the employees, sign on the checking accounts, including payroll accounts, and participate in decisions regarding employee compensation and capital expenditures.

10. Defendants Holly N. Sher and Joel Sher reside and are domiciled in this judicial district.

## BACKGROUND FACTS

11. Defendant Evanger's is a manufacturer of private label pet foods and its own brand that sells its products throughout the United States.

12. Defendants failed to compensate Plaintiffs and other employees at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks. Instead, Defendants compensated employees their straight time regular rate of pay for all time worked, including time worked over 40 hours in individual work weeks.

13. For example, Defendants paid Plaintiff Barragan his regular rate of pay for all time worked in the following work weeks:

| | | |
|---|---|---|
| a. | Week Ending May 20, 2007 | 86.75 hours |
| b. | Week Ending May 27, 2007 | 83.75 hours |
| c. | Week Ending June 17, 2007 | 81.75 hours |
| d. | Week Ending June 24, 2007 | 80.75 hours |
| e. | Week Ending July 1, 2007 | 84.25 hours |
| f. | Week Ending July 15, 2007 | 84.80 hours |

3

      g.      Week Ending August 12, 2007      82.75 hours

      h.      Week Ending August 19, 2007      82.00 hours

See Group Exhibit B, attached hereto.

14. Other employees likewise worked in excess of forty (40) hours in individual work weeks but were not paid their earned overtime wages.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, rising under 29 U.S.C. §216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

## CLASS ACTION ALLEGATIONS

16. With respect to the IMWL claim, Plaintiffs seek to represent a class that is comprised of and defined as:

> all persons who have been employed by Defendants or their predecessors since January, 2005, through and including the present, and who have not been paid overtime wages at a rate of one and one half times their regular rate for all the time they worked over forty (40) hours in individual work weeks (herein "IMWL Class").

17. Plaintiffs seek certification of this lawsuit as a class action, in order that the rights of Plaintiffs and the IMWL Class, including all overtime wages due, punitive damages, prejudgment interest, and any other damages due, be resolved.

18. This action is brought as a class action, Fed. R. Civ. P. 23, because the IMWL is so numerous that joinder of all class members is impracticable.

19. The Named Plaintiffs and members of the IMWL Class have been equally affected by the maximum hour violations of Defendants. While the precise number of members

4

of the IMWL Class has not been determined at this time, Plaintiffs believe Defendants have employed in excess of 100 persons who have been subject to Defendants' common unlawful pay practices during the IMWL Class Period. The Named Plaintiffs and the IMWL Class has been equally affected by Defendants' failure to pay overtime and other earned wages to Plaintiffs and the class.

20. Furthermore, the IMWL Class members still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

21. The issues involved in this lawsuit present common questions of law and fact; these common questions of law and fact predominate over the variations which may exist between members of the class, if any.

22. The Named Plaintiffs, the IMWL Class, and Defendants have a commonality of interest in the subject matter and remedy sought.

23. The Named Plaintiffs are able to fairly and adequately represent and protect the interests of the IMWL Class.

24. Plaintiffs' Counsel is competent and experienced in litigating large wage and hour and other employment class actions.

25. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the IMWL Class, to the Court, and to Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

26. The books and records of Defendants are material to Plaintiffs' case as they disclose the hours worked by members of the IMWL Class and the amounts they were paid for that work.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages
### (Collective Action)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 26 of this Complaint, as if fully set forth herein.

27. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, in failing to pay overtime wages to Plaintiffs and similarly-situated employees for all time worked in excess of forty (40) hours in individual work weeks.

28. Plaintiffs were directed by Defendants to work, and worked, in excess of forty (40) hours per week.

29. Pursuant to 29 U.S.C. § 207, Plaintiffs were entitled to be compensated at a rate of one and one-half times their regular hourly rate for all time worked in excess of forty (40) hours in individual workweeks.

30. Pursuant to 29 U.S.C. § 207, other similarly-situated employees were entitled to be compensated at a rate of one and one-half times their regular hourly rate for all time worked in excess of forty (40) hours in individual workweeks.

31. Defendants' failure and refusal to pay Plaintiffs overtime wages for time worked in excess of forty (40) hours per week violated the Fair Labor Standards Act, 29 U.S.C. § 207.

32. Defendants' failure to pay Plaintiffs overtime wages for time worked in excess of forty (40) hours per week violated the Fair Labor Standards Act, 29 U.S.C. § 207.

33. Defendants' failure to pay other similarly-situated employees overtime wages for time worked in excess of forty (40) hours per week violated the Fair Labor Standards Act, 29 U.S.C. § 207.

34. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiffs and other similarly-situated employees overtime wages for time worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiffs' and similarly situated employees' regular rate for all time which they worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages
### (Class Action)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 34 of this Complaint, as if fully set forth herein.

35. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

36. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiffs bring this class action pursuant to 820 ILCS 105/12(a) and Fed. R. Civ. P. 23.

37. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiffs and the IMWL Class worked in excess of forty (40) hours, Plaintiffs and the IMWL Class were entitled to be compensated at one and one-half times their regular rates of pay for the time they worked in excess of forty (40) hours per week.

38. Defendants violated the IMWL by refusing to compensate Plaintiffs and the IMWL Class at one and one-half times their regular rate of pay for time worked in excess of forty (40) hours per week.

39. Pursuant to 820 ILCS 105/12(a), Plaintiffs and the IMWL Class are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs and the IMWL Class pray for a judgment against Defendants as follows:

- A. A judgment in the amount of one and one-half times Plaintiffs' and the IMWL Class's regular rate for all time which they worked in excess of forty (40) hours in individual work weeks;
- B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);
- C. Reasonable attorneys' fees and costs incurred in filing this action;
- D. An injunction precluding Defendants from violating the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*
- E. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: January 13, 2009

s/Douglas M. Werman
Douglas M. Werman (ARDC #6204740)
Maureen A. Bantz (ARDC#6289000)
David E. Stevens (ARDC #6297705)
Werman Law Office, P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Attorneys for Plaintiffs

# GROUP EXHIBIT A

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by Evanger's Pet Foods, or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I have worked for Defendants time in excess of forty (40) hours in individual work weeks, and have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §201, et. seq. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: __FRANCISCO BARRAGAN__ (Print your name)

Signature: _____

Date on which I signed this Notice: __JANUARY 10, 2009__
(Today's date)

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by Evanger's Pet Foods, or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I have worked for Defendants time in excess of forty (40) hours in individual work weeks, and have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §201, et. seq. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: __Liberto De La Rosa__ (Print your name)

Signature: _____

Date on which I signed this Notice: __Enero 10, 2009__
(Today's date)

# GROUP EXHIBIT B

**EVANGER'S PET FOODS**  19089

Francisco Barragan  
                                                                7/19/2007

| Date | Type | Reference | Original Amt. | Balance Due | Discount | Payment |
|---|---|---|---|---|---|---|
| 7/15/2007 | Bill | 07/09-07/15/07 | 657.20 | 657.20 | | 657.20 |

Check Amount 657.20

Harris Bank    84.80 Hours @ $7.75/Hour                                                657.20

---

**EVANGER'S PET FOODS**  19205

Francisco Barragan  
                                                                7/26/2007

| Date | Type | Reference | Original Amt. | Balance Due | Discount | Payment |
|---|---|---|---|---|---|---|
| 7/22/2007 | Bill | 07/16-07/22/07 | 621.94 | 621.94 | | 621.94 |

Check Amount 621.94

Harris Bank    80.25 Hours @ $7.75/Hour                                                621.94

---

**EVANGER'S PET FOODS**  18799

Francisco Barragan  
                                                                6/28/2007

| Date | Type | Reference | Original Amt. | Balance Due | Discount | Payment |
|---|---|---|---|---|---|---|
| 6/24/2007 | Bill | 6/18/2007-6/24/2007 | 718.81 | 718.81 | | 718.81 |

Check Amount 718.81

Harris Bank    80.75 hrs. @ $7.75 Adjustment $93.00                                     718.81

**EVANGER'S PET FOODS**                18258
Francisco Barragan            5/23/2007

| Date | Type | Reference | Original Amt. | Balance Due | Discount | Payment |
|---|---|---|---|---|---|---|
| 5/20/2007 | Bill | 05/14-05/20/07 | 607.25 | 607.25 | | 607.25 |
| | | | | Check Amount | | 607.25 |

Harris Bank      86.75Hrs @ $7.00/Hr 05/14-05/20/07          607.25

---

**EVANGER'S PET FOODS**                18361
Francisco Barragan            5/30/2007

| Date | Type | Reference | Original Amt. | Balance Due | Discount | Payment |
|---|---|---|---|---|---|---|
| 5/27/2007 | Bill | 05/21-05/27/07 | 649.06 | 649.06 | | 649.06 |
| | | | | Check Amount | | 649.06 |

Harris Bank      83.75Hrs @ $7.75/Hr          649.06

---

**EVANGER'S PET FOODS**                18678
Francisco Barragan            6/21/2007

| Date | Type | Reference | Original Amt. | Balance Due | Discount | Payment |
|---|---|---|---|---|---|---|
| 6/17/2007 | Bill | 06/11-06/17/07 | 633.56 | 633.56 | | 633.56 |
| | | | | Check Amount | | 633.56 |

Harris Bank      81.75 Hours @ $7.75/Hour          633.56

| **EVANGER'S PET FOODS** | | | | | | | 19630 |
|---|---|---|---|---|---|---|---|
| Francisco Barragan | | | | | 8/16/2007 | | |
| Date | Type | Reference | | Original Amt. | Balance Due | Discount | Payment |
| 8/12/2007 | Bill | 08/06/07-08/12/07 | | 641.31 | 641.31 | | 641.31 |
| | | | | | | Check Amount | 641.31 |

Harris Bank       82.75 Hrs. @ $7.75/hr                                                              641.31

| **EVANGER'S PET FOODS** | | | | | | | 19713 |
|---|---|---|---|---|---|---|---|
| Francisco Barragan | | | | | 8/23/2007 | | |
| Date | Type | Reference | | Original Amt. | Balance Due | Discount | Payment |
| 8/19/2007 | Bill | 08/13-08/19/07 | | 635.50 | 635.50 | | 635.50 |
| | | | | | | Check Amount | 635.50 |

Harris Bank       82.00 Hours @ $7.50/Hour                                                           635.50