IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANCISCO BARRAGAN and LIBERTO DE LA ROSA, on behalf of themselves and all other similarly situated persons, known and unknown,<br><br>      Plaintiffs,<br><br>v.<br><br>EVANGER'S DOG AND CAT FOOD CO., INC, HOLLY N. SHER AND JOEL SHER, individually,<br><br>      Defendants. | Case No. 09 CV 227<br><br>Judge Darrah |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR CLASS CERTIFICATION OF THEIR CLAIMS ARISING UNDER THE ILLINOIS MINIMUM WAGE LAW**

### I. INTRODUCTION

Plaintiffs Francisco Barragan and Liberto De La Rosa, for themselves and on behalf of a class of similarly-situated persons, bring a claim against Defendants Evanger's Dog and Cat Food Co., Inc., Holly N. Sher and Joel Sher, under the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1, *et seq.*, for their failure to pay overtime wages to Plaintiffs and a class of similarly situated employees. The Plaintiffs identified in the caption also bring individual claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, *et seq.*, for Defendants' failure to pay all earned overtime wages.[1]

Defendant Evanger's Dog and Cat Food Co. Inc. (the "Company") is primarily engaged in manufacturing private label dog and cat food that is sold throughout the United States. Dkt #

---

[1] Plaintiffs only move for class certification of their state law IMWL claims under Fed.R.Civ.P. 23 and do not move and do not intend to move for conditional certification of their Fair Labor Standards Act claims under 29 U.S.C. §216(b).

28, Defendants' Answer to the Complaint ¶11. Plaintiffs Barragan and De La Rosa worked in Defendants' manufacturing facility and were paid an hourly rate of pay. They worked in excess of forty (40) hours in individual work weeks, but were not paid overtime for the time they worked in excess of forty (40) hours per week. Plaintiffs and the employees they seek to represent are current and former employees of the Company who have all been similarly denied their earned overtime pay by Defendants' unlawful payroll practices.

## II. THE NATURE OF THE CASE

The Illinois Minimum Wage Law, 820 ILCS 115/4a, requires an employer to pay its nonexempt employees one and one-half times their "regular rate" for all time worked over forty (40) hours in a workweek. For hourly paid employees, the employees' regular rate of pay is their hourly rate of pay. 29 C.F.R. §778.110.

Defendants denied employees their overtime wages by paying them their regular (straight-time) rate of pay for all time they worked, including the time they worked in excess of forty (40) hours per week. For example, during the individual work week between August 6, 2007 and August 12, 2007, Plaintiff Barragan worked a total of 82.75 hours for Defendants. See Francisco Barragan's Declaration ¶7 (herein "Barragan Decl. ¶__").[2] The Company paid Barragan his regular hourly rate of pay of $7.75 for all time he worked in that workweek, including his overtime hours. *Id.* In addition, Plaintiff De La Rosa worked a total of 71.25 hours during the workweek between January 7, 2008 and January 13, 2008. See Liberto De La Rosa's Declaration ¶ 7 (herein "De La Rosa Decl. ¶__").[3] De La Rosa was paid, however, only his regular hourly rate of pay of $7.50 for all the time he worked in that work week, including his overtime hours. *Id.* Defendants' own payroll records for the period between January 2006 and

---

[2] The Declaration of Francisco Barragan is attached hereto as Exhibit 1.
[3] The Declaration of Liberto De La Rosa is attached hereto as Exhibit 2.

2

January 2009, identify approximately 150 employees who worked more than forty (40) hours in individual work weeks, but who were not paid overtime wages. See Declaration of Adriana Rodriguez, ¶¶ 3-5, attachment 2, (herein Rodriguez Decl. ¶__");[4] see also Barragan Decl. ¶ 8; De La Rosa Decl. ¶ 8.

## III. THIS CASE SATISFIES THE PROVISIONS OF RULE 23

### A. Standard For Class Certification

In deciding a motion for class certification, a district court may not consider or resolve the merits of the claims. *Eisen v. Carlisle & Jacqelin*, 417 U.S. 156, 177 (1974). Rather, "when considering [such] a motion . . . courts should consider the allegations of the complaint as true." *Hirschfeld v. Stone,* 193 F.R.D. 175, 182 (S.D.N.Y. 2000). Although it is plaintiff's burden to satisfy the elements of Rule 23(a), *Caridad v. Metro-North Commuter R.R.*, 191 F.3d 283, 291 (2d Cir. 1999), that burden is not onerous, since at this stage, plaintiffs need not demonstrate a likelihood that they will prevail. *Cf. id.* ("[A] motion for class certification is not an occasion for examination of the merits of the case.")

As explained below, Plaintiffs' IMWL claim satisfies the four threshold requirements of Rule 23(a):

> (1) numerosity (the class must be so large 'that joinder of all members is impracticable'); (2) commonality (there must exist questions of law or fact common to the class); (3) typicality (named parties' claims or defenses' are typical . . . of the class); and (4) adequacy of representation (the representative must be able to fairly and adequately protect the interests of the class). Fed. R. Civ. P. 23(a).

In addition, Plaintiffs' class claims satisfy at least one of the three subsections of Rule 23(b). *Hardin v. Harshbarger*, 814 F. Supp. 703, 706 (N.D. Ill. 1993). Here, "questions of law or fact common to the members of the class predominate over any questions affecting only individual

---

[4] The Declaration of Adriana Rodriguez is attached hereto as Exhibit 3.

3

members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

### B. The Proposed Class

With respect to the Count II IMWL overtime claim against Defendants, Plaintiffs seek to certify the following class:

> all hourly employees who have been employed by Defendants or their predecessors since January 13, 2006, through and including the present, and who have not been paid overtime wages at a rate of one and one half times their regular rate of pay for all time they worked over forty (40) hours in individual work weeks in at least one work week during the applicable time period. (hereinafter "IMWL Class").

The statute of limitations under the IMWL for filing an overtime wage claim is three years. 820 ILCS 105/12.

### C. Plaintiffs Meet the Requirements of Rule 23(a)

#### 1. Rule 23(a)(1): The Class is so Numerous that it would be Impracticable to Join Each Class Member as a Named Plaintiff

Rule 23(a)(1) requires a class large enough that the joinder of all members would be "impracticable." Impracticability does not mean "impossibility," but only difficulty or inconvenience in joining all members of the class. *Doe v. Guardian Life Ins. Co. of Am.*, 145 F.R.D. 466, 471 (N.D. Ill. 1992). To determine whether joinder is impracticable, courts must consider the circumstances unique to each case. *Swanson v. Am. Consumer Indus.*, 415 F.2d 1326, 1333 (7th Cir. 1966). These circumstances include whether it is feasible for class members to bring individual suits and whether it is judicially efficient for the court to try such individual cases. *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 56 (N.D. Ill. 1996). "To require a multiplicity of suits by similarly situated small claimants would run counter to one of the prime purposes of a class action." *Swanson*, 415 F.2d at 1333.

4

Rule 23(a)(1) requires Plaintiffs to provide some evidence or reasonable estimate of the number of persons in a class. However, Plaintiffs are not required to provide exact numbers; a good faith showing is sufficient to establish the number of class members. *Long v. Thornton Township High Sch. Dist. 205*, 82 F.R.D. 186, 189 (N.D. Ill. 1979). Although there is no number requiring or barring a finding of numerosity under Rule 23, a class including more than 40 members is generally believed to be sufficient. *Swanson*, 415 F.2d at 1333 n.9 (7th Cir. 1969); *Johnson v. Rohr-Ville Motors, Inc.*, 189 F.R.D. 363, 368 (N.D. Ill. 1999).

In this case, that threshold requirement is easily met. Defendants' own documents establish that during the class period more than one hundred (100) hourly paid employees were subject to Defendants' practice of paying employees their regular rate of pay for all time they worked, including overtime hours. Adriana Rodriguez Decl. ¶3-5, attachment 2, identifying 155 individuals listed in defendants' payroll documentation that were hourly paid employees who were not paid overtime wages for the time they worked in excess of forty (40) hours per week since January, 2006. Accordingly, the size of the class will exceed 100 people. Classes of that size easily satisfy the numerosity requirement found necessary in this District. *Yon v. Positive Connections, Inc.*, No. 04 C 2680, 2005 U.S. Dist. LEXIS 3396, at *5 (N.D. Ill. Feb. 2, 2005)(Darrah, J.)(certifying IMWL class for owed overtime pay where documents showed at 39 employees owed overtime pay);[5] *Swanson*, 415 F.2d at 1333 n.9 (noting that 40 class members would be sufficient), *Barner v. City of Harvey*, 1997 U.S. Dist. LEXIS 3570 (N.D. Ill. 1997)(13 class members), *Allen v. Isaac*, 99 F.R.D. 45, as amended, 100 F.R.D. 373 (N.D. Ill. 1983)(17 class members), *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D. Ill. 1986)(29 class members).

---

[5] *Yon v. Positive Connections, Inc.*, 2005 U.S. Dist. LEXIS 3396, is attached hereto as Exhibit 4.

Other factors, including the fear of retaliation, make joinder impracticable. Plaintiffs Francisco Barragan and Liberto De La Rosa, and indeed all members of the Class, are low wage workers. Where, as here, there exists an economically powerful party who is able to influence the employment opportunities of both its *current* and/or *former* employees, fewer persons are likely to bring their own actions that might jeopardize their employment. See Newberg on Class Actions, at ¶3.06 (3rd Ed. 1992)(noting that "joinder presupposes 'a group of economically powerful parties who are obviously able and willing to take care of their own interests.'") Accordingly, because the number of class members is sufficient and the circumstances do not leave joinder a practical alternative, the class meets the Rule 23(a)(1) standard for numerosity.

### 2. Rule 23(a)(2): This case involves issues of fact and law common to the class

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." "The commonality requirement has been characterized as a 'low hurdle' easily surmounted." *Ladegaard v. Hard Rock Concrete Cutters, Inc.,* No. 00 C 5755, 2000 U.S. Dist. LEXIS 17832, at *14 (N.D. Ill. November 30, 2000),[6] citing *Scholes v. Stone, McGuire & Benjamin,* 143 F.R.D. 181, 185 (N.D. Ill. 1992). Generally, courts have liberally construed the commonality element to require just one common question of law or fact among all class members. *Arenson v. Whitehall Convalescent and Nursing Home,* 164 F.R.D. 659, 663 (N.D. Ill. 1996); *Marison A. ex rel. Forbes v. Giuliani,* 126 F.3d 372, 376 (2d. Cir. 1997)("The commonality requirement is met if plaintiffs' grievances share a common question of law or fact."). A common question may be shown where claims of individual members are based on the common application of a statute, or where class members are aggrieved by the same or similar conduct. *Keele v. Wexler,* 149 F.3d

---

[6] *Ladegaard v. Hard Rock Concrete Cutters, Inc.,* 2000 U.S. Dist. LEXIS 17832, is attached hereto as Exhibit 5.

6

589, 592 (7th Cir. 1998); *Yon, supra,* 2005 U.S. Dist. LEXIS 3396, at *5 (the commonality requirement "is usually satisfied when a common nucleus of operative facts unites a class.").

Commonality exists in this case because Defendants' common pay practices are alleged to have denied employees their overtime wages in violation of the IMWL. The common questions include whether Defendants' practice of paying employees their regular rate of pay for all time they worked, including overtime hours, violated the IMWL.

Although there may be slight differences in the details of class members' claims, like the amount of wages owed to them, that is irrelevant for class certification purposes. *Ladegaard,* 2000 U.S. Dist. LEXIS 17832, at *5. "The presence of some factual variations among the class members does not defeat commonality, so long as there is at least one question of law or fact common to the class." *Yon,* 2005 U.S. Dist. LEXIS 3396, at *5. Such a question is present here. Accordingly, Plaintiffs meet the Rule 23(a)(2) standard for commonality.

### 3. Rule 23(a)(3): Plaintiffs' claims are typical of the class claims

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory. *Id.*; see also *De La Fuente v. Stokely-Van Camp, Inc.,* 713 F.2d 225, 232 (7th Cir. 1983). "Typical does not mean identical, and the typicality requirement is liberally construed." *Gaspar v. Linvatec Corp.,* 167 F.R.D. 51, 57 (N.D. Ill. 1996). Typicality is meant to insure that the claims of the class representative have the "same essential characteristics as the claims of the class at large." *Retired Police Ass'n v. City of Chicago,* 7 F.3d 584, 596 (7th Cir. 1993). That is the case here.

Here, Plaintiff Barragan's, Plaintiff De La Rosa's, and the class members' claims arise out of the same conduct alleged to have violated the law – Defendants' failure to pay overtime wages to Plaintiffs and the Class by failing to pay employees one and one half times their regular rate for the time they worked in excess of forty (40) hours in individual work weeks. *Ladegaard*, 2000 U.S. Dist. LEXIS 17832 at *16. This makes the claims "typical" for Rule 23(a)(3) purposes. *Id.*

### 4. Rule 23(a)(4): Plaintiffs and their counsel will adequately represent the class

Rule 23(a)(4) requires the named class representatives "will fairly and adequately protect the interests of the class." "The adequacy of representation requirement has three elements: (1) the chosen class representative cannot have antagonistic or conflicting claims with other members of the class; (2) the named representative must have a "sufficient interest in the outcome to ensure vigorous advocacy; and (3) counsel for the named plaintiff must be competent, experienced, qualified, and generally able to conduct the proposed litigation vigorously." *Gammon v. G.C. Services, Limited Partnership*, 162 F.R.D. 313, 317 (N.D. Ill. 1995)(internal citations omitted). "The burden of demonstrating adequacy under this standard, nevertheless, is not a heavy one." *Nielsen v. Greenwood*, No. 91 C 6537, 1996 U.S. Dist. LEXIS 14441, at *16 (N.D. Ill. Sept. 27, 1996).[7]

Plaintiffs meet the necessary standards. The conflict of interest inquiry "merely requires that plaintiffs not have 'antagonistic' interests, so 'only a conflict that goes to the very subject matter of the litigation will defeat a party's claim of representative status.'" *Martens*, 181 F.R.D. at 259, quoting *Krueger v. New York Tel. Co.*, 163 F.R.D. 433 (S.D.N.Y. 1995). With the named plaintiffs' overtime claims essentially identical to those of the rest of the class, there are no

---

[7] *Nielsen v. Greenwood*, 1996 U.S. Dist. LEXIS 14441, is attached hereto as Exhibit 6.

8

antagonistic interests that go to the subject matter of the suit. *Ladegaard, supra.* Moreover, the Class Plaintiffs, have shown their commitment to the litigation by submitting declarations, acknowledging their commitments and responsibilities to the putative class, and by assisting Plaintiffs' Counsel in preparing this Motion. See Barragan Declaration, De La Rosa Declaration. This qualifies them as "conscientious representative plaintiffs" and satisfies this element. *Robles v. Corporate Receivables, Inc.*, 220 F.R.D. 306, 314 (N.D. Ill. 2004). In addition, as explained in Section III.E, *infra,* Plaintiffs' attorneys are qualified and able to conduct the proposed litigation vigorously.

### D. This Action Satisfies the Requirements of Rule 23(b)

In addition to meeting the requirements of Rule 23(a), a class action must also satisfy the requirements of one of the subdivisions of Rule 23(b). Certification is appropriate under Rule 23(b)(3) if "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). Plaintiffs' action here meets those prerequisites.

#### 1. Common Questions Predominate

An action demonstrates "predominance" of common questions where "the group for which certification is sought seeks to remedy a common legal grievance." *Riordan*, 113 F.R.D. at 65. The test is *not* whether resolution of "common issues" would be dispositive of the entire litigation. *Id.* Rather, as the court observed in *Johns v. DeLeonardis*, 145 F.R.D. 480, 484-85 (N.D. Ill. 1992):

> [(b)(3)] merely requires that the class claims have a dominant, central focus. Satisfaction of this criterion normally turns on the answer to one basic question: is there an essential common factual link between all class members and the defendant for which the law provides a remedy?

9

For reasons set forth above with respect to commonality under Rule 23(a)(2) and typicality under Rule 23(a)(3), there exists predominating common questions of fact and law, and there can be no dispute that the class members' claims arise from the same course of conduct by Defendants as the claims of Plaintiffs. The common question regarding Plaintiffs' and the Class' IMWL claims revolve around whether Defendants paid overtime when they worked over 40 hours in individual work weeks. For reasons set forth above with respect to commonality under Rule 23(a)(2) and typicality under Rule 23(a)(3), there exists predominating common questions of fact and law, and there can be no dispute that the class members' claims arose from the same course of conduct by the Defendants. In cases involving claims for unpaid wages under the IMWL, courts have routinely certified classes under Rule 23(b)(3). *Hernandez v. Gatto Industrial Platers, Inc.*, Case No. 08 C 2622, 2009 U.S. Dist. LEXIS 36023 (N.D. Ill. April 28, 2009);[8] See, e.g., *Jonites v. Exelon*, No. 05 C 4243, 2006 U.S. Dist. LEXIS 75510 (N.D. Ill. October 4, 2006);[9] *Ladegaard,* supra; *Acosta v. Scott Labor, LLC*, 2006 U.S. Dist. LEXIS 153 (N.D. Ill. January 3, 2006);[10] Notably, this Court has previously certified an IMWL overtime class in at least two prior matters. *Villareal, et al. v. El Chile, Inc., et al.*, No. 07 C 1656, Order dated October 19, 2007;[11] *Yon v. Positive Connections*, 2005 U.S. Dist. LEXIS 3396 (Exhibit 5).

### 2.     Superiority of Class Action Method

A class action is superior to other methods of adjudication in this case. Judicial economy and efficiency, as well as consistency of judgments would be achieved through the certification of the class. See *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181 (N.D. Ill 1992). The alternative is potentially dozens of individual lawsuits and piecemeal litigation.

---

[8] *Hernandez v. Gatto Industrial Platers, Inc.*, is attached hereto as Exhibit 7.
[9] *Jonites v. Exelon,* 2006 U.S. Dist. LEXIS 75510, is attached hereto as Exhibit 8.
[10] *Acosta v. Scott Labor, LLC,* 2006 U.S. Dist. LEXIS 153, is attached hereto as Exhibit 9.
[11] *Villareal, et al. v. El Chile, Inc., et al.*, No. 07 C 1656, is attached hereto as Exhibit 10.

10

A class action is an appropriate method for the fair and efficient adjudication of the controversy between the classes and Defendants. In this proceeding, the parties will be allowed to resolve the claims of 150 low wage workers in one simple, coordinated proceeding, thus conferring significant benefits upon each class member. Defendants will also benefit by being spared the expense and complexity of many scores of individual lawsuits.

### E. Plaintiffs' Counsel Should be Appointed Class Counsel

Under Fed. R. Civ. P. 23(g), courts must consider the following four factors when appointing class counsel: (1) the work counsel has performed in identifying the potential class claims, (2) class counsel's experience in handling complex litigation and class actions, (3) counsel's knowledge of the applicable law, and (4) the resources that class counsel will commit to representing the class. Fed. R. Civ. P. 23(g). In this case, as demonstrated by the attached Declarations of Douglas M. Werman[12] and Maureen A. Bantz[13] in Support of Appointment of Class Counsel, all these requirements are met.

## IV. CONCLUSION

Plaintiffs respectfully request the Court enter an order (a) certifying this case under FRCP 23 as a class action with respect to Plaintiffs' IMWL overtime claims, and (b) approve for distribution the mailing of notice under the provisions FRCP 23, to each class member at Plaintiffs' expense. Plaintiffs further request that Defendants provide the names and addresses of all similarly-situated hourly employees, who between January 13, 2006 and the present, were subject to Defendants' common practice of denying employees overtime wages.

---

[12] The Declaration of Douglas M. Werman is attached hereto as Exhibit 11.
[13] The Declaration of Maureen A. Bantz is attached hereto as Exhibit 12.

11

Dated: November 12, 2008

          Respectfully submitted,

          <u>s/Douglas M. Werman</u>
          One of the Attorneys for Plaintiffs

Douglas M. Werman
Maureen A. Bantz
David E. Stevens
Werman Law Office, P.C.
77 W. Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

12