**FILED**

**JUNE 29, 2009**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **FRANCISCO BARRAGAN and LIBERTO DE LA ROSA, on behalf of themselves and all other similarly situated persons, known and unknown,** ) ) ) ) | |
| **Plaintiffs,** ) ) | |
| **v.** ) ) | **Case No.  09 CV 227** **Judge Darrah** |
| **EVANGER'S DOG AND CAT FOOD CO., INC, HOLLY N. SHER AND JOEL SHER, individually,** ) ) ) ) | **Magistrate Judge Mason** |
| **Defendants.** ) | |

**AMENDED ANSWER**

      **COME NOW** the defendants, **EVANGER'S DOG AND CAT FOOD CO., INC.,**

**HOLLY N. SHER and JOEL SHER**, (hereinafter collectively referred to as the "Defendants")

by Gregory A. Bedell, of Knabe, Kroning & Mainzer, their attorney, and for their amended

answer to the Complaint of plaintiffs Francisco Barragan and Liberto De La Rosa, on behalf of

themselves and all other similarly situated persons, known and unknown, state as follows:

**NATURE OF PLAINTIFFS' CLAIMS**

      1.     This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq. ("IMWL"), for Defendants' failure to pay all overtime wages to Plaintiffs and other similarly-situated persons for all time worked in excess of forty (40) hours in individual workweeks. Copies of Plaintiffs' consent forms to act as representative Plaintiffs in this collective action under the FLSA are attached hereto as Group Exhibit A.

**ANSWER:**    The Defendants deny they have failed to pay all overtime wages.  Defendants

admit Plaintiffs make claims pursuant to the FLSA and IMWL and that they have attached the

consent forms.

2.    Defendants own and operate at a manufacturing facility in Wheeling, Illinois, in this judicial district. Plaintiffs and the class they seek to represent are hourly employees who work for Defendants in excess of forty (40) hours in individual work wee state and federal overtime wages required by 820 ILCS 105/1, et seq. and 29 U.S.C. §201, et seq.

**ANSWER:**    Defendants Holly Sher and Joel Sher admit that they are shareholders and officers

of the corporate defendant Evanger's Dog and Cat Food Co., Inc., that Evanger's operates a

manufacturing facility in Wheeling, Illinois and that the Plaintiffs were employees of the

corporate defendant.  Defendants deny the remaining allegations of paragraph 2.

### THE PARTIES

3.    Plaintiffs reside in and are domiciled within this judicial district.

**ANSWER:**    The Defendants are informed and believe these allegations are true.

4.    Within the prior three years, Plaintiffs were employed by Defendants as "employee(s)" as defined by Section 3(d) of the IMWL, 820 ILCS 105/3, and Section 3(e)(1) of the FLSA, 29 U.S.C. §203(e)(I).

**ANSWER:**    The Defendants admit the allegations of Paragraph 4.

5.    At all relevant times, Defendants were Plaintiffs' "employer(s)" subject to the IMWL, 820 ILCS §105/3(c), and the FLSA, 29 U.S.C. §203(d).

**ANSWER:**    The Defendants admit the allegations of Paragraph 5.

6.    During the course of their employment, Plaintiffs handled goods that moved in interstate commerce and were not exempt from the maximum hour provisions of the FLSA, 29 U.S.C. §207, or the IMWL, 820 ILCS 105/1 et seq.

**ANSWER:**    The Defendants Admit that the Plaintiffs handled goods which moved in interstate

commerce and are not so exempt.

7.    Defendant Evanger's Dog and Cat Food Company, Inc. is an Illinois corporation doing business within this judicial district.  Defendant Evanger's is an "enterprise" as defined by Section 3(r)(l) of the FSLA, 29 U.S.C. §203(r)(l), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. §203(s)(1)(A).

**ANSWER:**    The Defendants Admit that it is an Illinois corporation doing business within the

judicial district and that is is an "enterprise" as alleged.

8.    Defendant Holly N. Sher is involved in the day-to-day business operations of Defendants.  Among other things, Defendant Joel (sic) Sher has the authority and exercises the authority to hire and fire employees, to direct and supervise the work of the employees, sign on the checking accounts, including payroll accounts, and participate in decisions regarding employee compensation and capital expenditures.

**ANSWER:**    Admitted.

9.     Defendant Joel Sher is involved in the day-to-day business operations of Defendants. Among other things, Defendant Holly (sic) Sher has the authority and exercises the authority to hire and fire employees, to direct and supervise the work of the employees, sign on the checking accounts, including payroll accounts, and participate in decisions regarding employee compensation and capital expenditures.

**ANSWER:**    Admitted

10.     Defendants Holly N. Sher and Joel Sher reside and are domiciled in this judicial

district.

**ANSWER:**    Admitted.

## BACKGROUND FACTS

11.    Defendant Evanger's is a manufacturer of private label pet foods and its own brand that sells its products throughout the United States.

**ANSWER:**    Admitted.

12.    Defendants failed to compensate Plaintiffs and other employees at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.  Instead, Defendants compensated employee, regular rate of pay for all time worked, including time worked over 40 hours in individual work weeks.

**ANSWER:**    Defendants admit that Evanger's failed to pay Plaintiffs and some other

employees overtime as alleged.  Due to a fraudulent pay scheme employed by a former

Evanger's supervisory employee, Evanger's cannot admit or deny that other employees were not

paid as alleged in Paragraph 12.

13.      For example, Defendants paid Plaintiff Barragan his regular time worked in the following work weeks:

|     |                           |            |
| --- | ------------------------- | ---------- |
| a.  | Week Ending May 20, 2007  | 86.75 hours |
| b.  | Week Ending May 27, 2007  | 83.75 hours |
| c.  | Week Ending June 17, 2007 | 81.75 hours |
| d.  | Week Ending June 24, 2007 | 80.75 hours |
| e.  | Week Ending July 1, 2007  | 84.25 hours |
| f.  | Week Ending July 15, 2007 | 84.80 hours |
| g.  | Week Ending August 12, 2007 | 82.75 hours |
| h.  | Week Ending August 19, 2007 | 82.00hours |

See Group Exhibit B, attached hereto.

**ANSWER:**    Defendants admit Plaintiff Barragan was paid his regular rate for the weeks listed

above.

14.      Other employees likewise worked in excess of forty (40) hour weeks but were not paid their earned overtime wages.

**ANSWER:**    Defendants admit that Evanger's may ahve failed to pay some other employees

overtime as alleged; but, due to a fraudulent pay scheme employed by a former Evanger's

supervisory employee, Evanger's cannot admit or deny that other employees were not paid as

alleged in Paragraph 14.

## JURISDICTION AND VENUE

15.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, rising under 29 U.S.C. §216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.  This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

**ANSWER:**    Admitted.

## CLASS ACTION ALLEGATIONS

16.      With respect to the IMWL claim, Plaintiffs seek to represent a class that is comprised of and defined as:

all persons who have been employed by Defendants or their predecessors since January, 2005, through and including the present, and who have not been paid overtime wages at a rate of one and one half times their regular rate of one and one half times their regular rate for all time they worked over forty (40) hours in

individual work weeks (hereinafter "IMWL Class").

**ANSWER:**    Defendants admit that the Plaintiffs are seeking to represent a class but deny that

a proper class exits.

17.    Plaintiffs seek certification of this lawsuit as a class action, in order that the rights
of Plaintiffs and the IMWL Class, including all overtime wages due, punitive damages,
prejudgment interest, and any other damages due, be resolved.

**ANSWER:**    Defendants admit that the Plaintiffs are seeking certification of a class but deny

that a proper class exits.

18.    This action is brought as a class action, Fed. R. Civ. P. 23, because the IMLW
(sic) is so numerous that joinder of all class members is impracticable.

**ANSWER:**    Defendants admit that Plaintiffs bring this action pursuant to Federal Rule of Civil

Procedure 23 but deny that there is any class or potential claims which are so numerous that

joinder would be impracticable.

19.    The Named Plaintiffs and members of the IMWL Class have been equally
affected by the maximum hour violations of Defendants. While the precise number of members
of the IMWL Class has not been determined at this time, Plaintiffs believe Defendants have
employed in excess of 100 persons who have been subject to Defendants' common unlawful pay
practices during the IMWL Class Period.  The Named Plaintiffs and the IMWL Class has been
equally affected by Defendants' failure to pay overtime and other earned wages to Plaintiffs and
the class.

**ANSWER:**    Denied.

20.    Furthermore, the IMWL Class members still employed may be reluctant to raise
individual claims for fear of retaliation.

**ANSWER:**    Paragraph 20 pleads only conjecture and conclusions to which an answer is

neither appropriate nor required.  To the extent there are proper allegations, they are denied.

21.    The issues involved in this lawsuit present common questions of law and fact;
these common questions of law and fact predominate over the variations which may exist
between members of the class, if any.

**ANSWER:**    Paragraph 21 pleads only conclusions to which an answer is neither appropriate

nor required.  To the extent there are proper allegations, they are denied.

22.    The Named Plaintiffs, the IMWL Class, and Defendants have a commonality of interest in the subject matter and remedy sought.

**ANSWER:**    Paragraph 22 pleads only conclusions to which an answer is neither appropriate

nor required.  To the extent there are proper allegations, they are denied.

23.    The Named Plaintiffs are able to fairly and adequately represent and protect the interests of the IMWL Class.

**ANSWER:**    Paragraph 23 pleads only conclusions to which an answer is neither appropriate

nor required.  To the extent there are proper allegations, they are denied.

24.    Plaintiffs' Counsel is competent and experienced in litigating large wage and hour and other employment class actions.

**ANSWER:**    Defendants are without sufficient knowledge to form a belief as to the allegations

contained in paragraph 24.

25.    If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the IMLW Class, to the Court, and to Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

**ANSWER:**    Paragraph 25 pleads only conclusions to which an answer is neither appropriate

nor required.  To the extent there are proper allegations, they are denied.

26.    The books and records of Defendants are material to Plaintiffs' case as they disclose the hours worked by members of the IMWL Class and the amounts they were paid for that work.

**ANSWER:**    Defendants admit that its book and records will disclose the hours worked by

Plaintiffs and other employees as well as the rate and amounts they were paid.  All other proper

allegations not specifically admitted are denied.

**COUNT I**
**Violation of the Fair Labor Standards Act -Overtime Wag**
**(Collective Action)**

The Defendants incorporate their answers to paragraphs 1 through 26 of this Answer as if fully set forth herein.

27.         This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. §201, et seq., in failing to pay overtime wages to Plaintiffs and employees for all time worked in excess of forty (40) hours in individual work weeks.

**ANSWER:**     Paragraph 27 pleads only conclusions to which an answer is neither appropriate nor required.  To the extent there are proper allegations, they are denied.

28.         Plaintiffs were directed by Defendants to work, and worked, in excess of (40) hours per week.

**ANSWER:**     Denied.

29.         Pursuant to 29 U.S.C. § 207, Plaintiffs were entitled to be compensated at a rate of one and one-half times their regular hourly rate for all time worked in excess of forty (40) hours in individual workweeks.

**ANSWER:**     Defendants admit that 29 U.S.C. § 207 requires employees who work in excess of

40 hour in individual weeks are entitled to be compensated at a rate of one and one-half times

their regular hourly rate for all time worked in excess of forty (40) hours in individual

workweeks; and that, to the extent Plaintiffs worked in excess of 40 hours, they would be so

entitled.

30.         Pursuant to 29 U.S.C. §207, other similarly-situated employ were entitled to be compensated at a rate of one and one-half times their regular hourly rate all time worked in excess of forty (40) hours in individual workweeks.

**ANSWER:**     Defendants admit that 29 U.S.C. § 207 requires employees who work in excess of

40 hour in individual weeks are entitled to be compensated at a rate of one and one-half times

their regular hourly rate for all time worked in excess of forty (40) hours in individual

workweeks; but that, due to a fraudulent pay scheme employed by a former Evanger's

supervisory employee, Evanger's cannot admit or deny that other employees should have been

paid as alleged in Paragraph 30.

31.         Defendants' failure and refusal to pay Plaintiffs overtime wages for time worked

in excess of forty (40) hours per week violated the Fair Labor Standards Act, 29 U.S.C. §207.

**ANSWER:**    Defendants admit that a failure to pay Plaintiffs overtime wages for time worked

in excess of forty (40) hours per week would violate the Fair Labor Standards Act, 29 U.S.C.

§207.

32.    Defendants' failure to pay Plaintiffs overtime wages for time worked in excess of forty (40) hours per week violated the Fair Labor Standards Act,  29 U.S.C. §207.

**ANSWER:**    Defendants admit that a failure to pay Plaintiffs overtime wages for time worked

in excess of forty (40) hours per week would violate the Fair Labor Standards Act, 29 U.S.C.

§207.

33.    Defendants' failure to pay other similarly-situated employees overtime wages for time worked in excess of forty (40) hours per week violated the Fair Labor 6tandards Act,  29 U.S.C. §207

**ANSWER:**    Defendants admit that a failure to pay any employee overtime wages for time

worked in excess of forty (40) hours per week would violate the Fair Labor Standards Act, 29

U.S.C. §207.

34.    Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiffs and other similarly-situated employees overtime wages for time forty (40) hours per week.  29 U.S.C. §207.

**ANSWER:**    Denied.

**Wherefore**, the Defendants pray that judgment be entered in their favor, and against the Plaintiffs, that they be awarded their costs and that they be granted such other and further relief to which they may be entitled.

## COUNT II
### Violation of the Illinois Minimum Wage Law -Overtime Wages
### (Class Action)

The Defendants incorporate their answers to paragraphs 1 through 34 of this Answer as if

fully set forth herein.

35.    This Court has supplemental jurisdiction over the matters alleged herein pursuant

to 28 U.S.C. §1367.

**ANSWER:**     Admitted.


36.     The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiffs bring this class action pursuant to 820 ILCS 105/12(a) and Fed. R. Civ. P. 23.


**ANSWER:**     Defendants admit that Plaintiffs bring this count pursuant to the cited statutes.

The remainder of paragraph 36 pleads only conclusions to which an answer is neither

appropriate nor required.

37.     Pursuant to 820 ILCS 105/4a  for all weeks during which Plaintiffs and the IMWL Class worked in excess of forty (40) hours, Plaintiffs and the IMWL Class were entitled to be compensated at one and one-half times their regular rates of pay for the excess of forty (40) hours per week.

**ANSWER:**     Paragraph 37 pleads only conclusions to which an answer is neither appropriate

nor required.  To the extent there are proper allegations, they are denied.

38.     Defendants violated the IMWL by refusing to compensate Plaintiffs and the IMWL Class at one and one-half times their regular rate of pay for time worked in excess of forty (40) hours per week.

**ANSWER:**     Paragraph 38 pleads only conclusions to which an answer is neither appropriate

nor required.  To the extent there are proper allegations, they are denied.

39.     Pursuant to 820 LCS I05/12(a), Plaintiffs and the IMWL Class are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.


**ANSWER:**     Paragraph 39 pleads only conclusions to which an answer is neither appropriate

nor required.  To the extent there are proper allegations, they are denied.

**Wherefore**, the Defendants pray that judgment be entered in their favor, and against the

Plaintiffs, that they be awarded their costs and that they be granted such other and further relief

to which they may be entitled.

**EVANGER'S DOG AND CAT FOOD CO., INC,
HOLLY N. SHER AND JOEL SHER,**

Dated:  June 26, 2009                s/Gregory A. Bedell, Esq.
                                     Gregory A. Bedell, Esq. (6189762)
                                     Knabe, Kroning & Mainzer
                                     Two First National Plaza
                                     20 South Clark Street
                                     Suite 2301
                                     Chicago, Illinois  60603
                                     312.977.9119
                                     312.977.9009 (fax)
                                     bedell_law@yahoo.com