IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANCISCO BARRAGAN and LIBERTO DE LA ROSA, on behalf of themselves and all other similarly situated persons, known and unknown,<br><br>    Plaintiffs,<br><br>v.<br><br>EVANGER'S DOG AND CAT FOOD CO., INC, HOLLY N. SHER AND JOEL SHER, individually,<br><br>    Defendants. | Case No. 09 CV 227<br><br>Judge Darrah |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR CLASS CERTIFICATION OF THEIR CLAIMS ARISING UNDER THE ILLINOIS MINIMUM WAGE LAW**

**I.    INTRODUCTION**

Defendants claim class certification is not proper because a former "Evanger's foreman" was engaged in "an embezzlement scheme." According to Defendants, this alleged scheme which was perpetrated solely by Thomas Schaade – a *management* employee – makes "[Defendants'] employee lists and time records wholly unreliable." Defendants' argument is silly. Defendants admit that even if *some* of the employees identified on Defendants' payroll records are fictitious as a result of Mr. Schaade's alleged scheme, at least *70* and more likely *130* employees were still subjected to Defendants' practice of *not* paying overtime pay.

For the reasons set forth below, Plaintiffs have established all the elements of Rule 23 and their Illinois Minimum Wage Law claim should be certified as a class action.

## II. ARGUMENT

### A. The Alleged Unreliability of Defendants' Records Is Not a Bar to Class Certification

Defendants' entire Response to Plaintiffs' Motion for Class Certification is based on the alleged unreliability of their own time and payroll documents, and not their illegal compensation practices. Simply put, even if <u>all</u> of Defendants' documents are unreliable – as opposed only to the documents for certain alleged "fictitious" employees – class certification is still appropriate.

At this stage, the Court is not charged with deciding whether Plaintiffs have sufficient evidence to prove the merit of the class' claims, or damages. *George v. Kraft Foods Global, Inc.*, 251 F.R.D. 338, 343 (N.D. Ill. July 17, 2008). Rather, the Court is only charged with determining whether Plaintiffs meet each element for class certification. *Id.* Thus, Defendants' "unreliable document" argument is a red herring. The absence of accurate or complete time and payroll documents does not have any import at this stage of the litigation. Otherwise, a premium would be placed on an employer's failure to comply with the recordkeeping requirements under state and federal law. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1945). As explained in *Mt. Clemens*:

> ... where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes, a more difficult problem arises. The solution, however, is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the Fair Labor Standards Act. In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's

evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

328 U.S. at 687-88.

Thus, where the employer's time records are inaccurate or incomplete, the employee's burden of proof is ultimately met if he establishes his claim "as a matter of just and reasonable inference." *Id.* The burden of proof then shifts to the employer, who must present evidence either to establish the "precise" amount of time worked, or "to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.* If the employer fails to meet its burden, a court may award damages to the employee "even though the result be only approximate." *Id.*

If Defendants' records are in fact "unreliable" – and Plaintiffs have not yet taken any discovery related to Defendants' compliance with the recordkeeping requirements of the IMWL and FLSA – then the framework set forth in *Mt. Clemens Pottery* will apply when it comes time for Plaintiffs and the Class to prove their claims. The reliability or completeness of Defendants' documents, however, is irrelevant to whether Plaintiffs' IMWL claims should be certified as a class action.

### B. Plaintiffs Meet the Requirements for Class Certification Under Rule 23(a)

#### 1. There is Sufficient Numerosity Under Rule 23(a)(1)

Defendants claim Plaintiffs are merely "speculating" as to the size of the class because Plaintiffs here cannot "rely on employee lists and payroll records." Def.'s Mem. Opp., at 5. Defendants are mistaken.

Rule 23(a)(1) only requires Plaintiffs to provide some evidence or reasonable estimate of the number of persons in a class. Plaintiffs are not required to provide exact numbers; a good

faith showing is sufficient to establish the number of class members. *Long v. Thornton Township High Sch. Dist. 205*, 82 F.R.D. 186, 189 (N.D. Ill. 1979).

Plaintiffs attached the declarations of Plaintiff Francisco Barragan and Plaintiff Liberto De La Rosa to their memorandum of law attesting that the class includes more than 50 persons. Pl. Mem. of Law, Ex. 1, Declaration of Francisco Barragan, ¶ 8; Pl. Mem. of Law, Ex. 2, Declaration of Liberto De La Rosa, ¶ 8. Also attached to the principal memorandum of law was a summary chart identifying 155 employees who, according to Defendants' payroll records, worked more than 40 hours in a week but were not paid overtime pay. Pl. Mem. of Law, Ex. 3, Declaration of Adriana Rodriguez ¶¶3-5, attachment 2. In response, Defendants produced the declaration of a Rodrigo Gonzalez, who allegedly has been employed by Defendants as a "floor supervisor." Def.'s Mem. Opp., Ex. 3, Affidavit of Rodrigo C. Gonzalez ¶ 2. Mr. Gonzalez attests that he is unable to recognize 24 of the 155 individuals who were identified as not being paid overtime wages. Def.'s Mem. Opp., Ex. 3, Affidavit of Rodrigo C. Gonzalez ¶ 3. Defendants apparently contend that these "unknown" 24 persons were part of Mr. Thomas Schaade's embezzlement scheme and never really worked for Defendants. Def.'s Mem. Opp., at 4. Even assuming this is true, 131 persons would still remain in Plaintiffs' proposed class.

In addition, a further review of Defendants' payroll records shows that seventy-two hourly employees were denied their earned overtime wages in or after September 2008. Supplemental Declaration of Adriana Rodriguez, ¶¶3-5, attachment 2.[1] Given that Thomas Schaade's employment with Defendants ended in August 2008, the proposed class definitively includes more than seventy individuals. *Id.*, Def.'s Mem. Opp., Ex. 1, ¶ 2.

---

[1] The Supplemental Declaration of Adriana Rodriguez is attached hereto as Exhibit A.

4

With a potential class of this size "common sense assumptions suggest that the requisite number for class certification for each of the proposed classes ... will be satisfied." *Oplchenski v. Parfums Givenchy, Inc.*, No. 05 CV 6105, 2008 U.S. Dist. LEXIS 98503, at * 14 (N.D. Ill. December 3, 2008)[2]; *Yon v. Positive Connections, Inc.*, No. 04 C 2680, 2005 U.S. Dist. LEXIS 3396, at *5 (N.D. Ill. Feb. 2, 2005)(Darrah, J.)(certifying IMWL class for owed overtime pay where documents showed that 39 employees owed overtime pay). Accordingly, Plaintiffs have satisfied the numerosity prong of Rule 23(a)(1).

### 2. There are common issues of law and fact under Rule 23(a)(2)

Defendants also claim that Plaintiffs have not satisfied the element of commonality because "an individual examination of each potential claimant will be necessary to verify that the person was actually employed by Evanger's and, if they were, the tenure of their employment and the actual hours worked." Def.'s Mem. Opp., at 5. Plaintiffs deny that Defendants' point is accurate; regardless, Defendants misunderstand the commonality provision contained in Rule 23(a)(2).

The commonality prong of Rule 23(a)(2) is satisfied "so long as there is at least one question of law or fact common to the class." *Yon*, 2005 U.S. Dist. LEXIS 3396, at * 5. A common question may be shown where claims of individual members are based on the common application of a statute, or where class members are aggrieved by the same or similar conduct. *Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 1998). Both strands of the commonality formulation apply to the proposed class.

Defendants admit they failed to pay Plaintiffs and other employees their earned overtime wages. Dkt # 39, Amend. Answer ¶¶12, 13, 14. Therefore, among the common questions turning

---

[2] *Oplchenski v. Parfums Givenchy, Inc.*, 2008 U.S. Dist. LEXIS 98503, is attached hereto as Exhibit B.

5

on application of the IMWL is whether Defendants' failure to pay overtime to hourly paid employees violated the law. Other common questions include what formula should be used to compute the class's owed overtime wages and whether Plaintiffs are entitled to prejudgment interest under 815 ILCS 205/2 and liquidated damages under 820 ILCS 105/12(a).

The Rule 23(a)(2) "commonality requirement has been characterized as a 'low hurdle' easily surmounted." *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00 C 5755, 2000 U.S. Dist. LEXIS 17832, at *14 (N.D. Ill. November 30, 2000). Plaintiffs have satisfied their burden here by presenting more than one question of law that is common to the class.

### 3. Plaintiffs' claims are typical of the class claims under Rule 23(a)(3)

Defendants argue that Plaintiffs cannot establish typicality for the same reason that they cannot establish commonality: "Plaintiffs' proof of their employment does not establish an employment relationship for all other class members. To the contrary, each class member would be required to demonstrate independently that he or she was an Evanger's employee." Def.'s Mem. Opp., at 6. This argument has no merit.

Plaintiffs Barragan's and De La Rosa's claims are "typical" for purposes of Rule 23(a)(3) because they were subject to the same payroll practices as all other class members: Defendants' practice of paying hourly employees their regular hourly rate for all time they worked, including overtime hours. Pl. Memo. of Law, Ex.1, Barragan Decl. ¶7, 8; Pl. Memo. of Law, Ex. 2, De La Rosa Decl. ¶ 7, 8; Dkt # 39, Amd. Ans. ¶12, 13 14. Plaintiff Barragan's and Plaintiff De La Rosa's claims are no different from any other hourly employees who were denied overtime wages since January 13, 2006. Accordingly, Plaintiffs satisfy the requirement for class certification under Rule 23(a)(3).

### 4. Plaintiffs and their counsel will adequately represent the class under Rule 23(a)(4)

Defendants concede that the Named Plaintiffs and proposed Plaintiffs' counsel will adequately represent the class.

### C. The Classes Satisfy the Requirements of Rule 23(b)

Defendants make several arguments that, under Fed.R.Civ.P. 23(b), common claims do not predominate and that a class action is not superior to the other available methods for the fair and efficient adjudication of the controversy. None of Defendants' arguments have merit.

#### 1. Predominance of Common Questions

Defendants again suggest that their own failure to keep reliable documents means "individual issues will predominate," Def.'s Mem. Opp., at 7, but this argument incorrectly focuses on Defendant's alleged failure to discover a fraud perpetrated by one of their foreman, rather than on their own illegal conduct: their failure to pay overtime pay to Defendant's employees.

Common questions predominate in this case because Defendants' payroll practices were the same for all hourly employees, and therefore, the alleged violations are the same for all class members. *Ladegaard*, 2000 U.S. Dist. LEXIS 17832, at *24-25; *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 160 (S.D.N.Y. 2008). And, as explained above, Defendants admit that regardless of the alleged fraud perpetrated by Mr. Schaade, they failed to pay their employees overtime wages. Dkt #39, Amend. Ans. ¶ 12, 13, 14. An analysis of the payroll data for the period after the alleged embezzler's employment ended confirms that at least seventy-two employees were not paid one and one half times their regular hourly rate for the overtime hours they worked. Supplemental Declaration of Adriana Rodriguez ¶3-5, attachment 2.

Plaintiffs' IMWL claims have one dominant central focus and arise from the same course of conduct by the Defendants for which the IMWL provides a remedy. *Johns v. DeLeonardis*, 145 F.R.D. 480, 484-85 (N.D. Ill. 1992). The fact that a mere portion of the time and payroll records for the period prior to August 2008 may be allegedly inaccurate does not mean that individual issues predominate.

### 2. Superiority of Class Action Method

#### a. The Possibility of Individual Suits

Defendants suggest that the possibility of many individual suits is merely "speculative" and therefore militates against class certification. Def.'s Mem. Opp., at 9. This argument misses the point. Defendants admit that they failed to pay overtime pay to their employees (Dkt # 39, Amd. Ans. ¶12, 13 14) and it is not disputed that Defendants' payroll records establish that at least 70 and more likely as many as 130 or more persons are owed such wages. See Section II.B.1, *supra;* Supplemental Declaration of Adriana Rodriguez ¶3-5, attachment 2. Moreover, Plaintiffs' preliminary damage analysis reveals that individual class members are owed relatively small amounts of money, varying from approximately one dollar on the low end of the spectrum to approximately twenty thousand dollars on the high end of the spectrum. Supplemental Declaration of Adriana Rodriguez, ¶3, 4, 6, 7. The size of the class and the potential recovery for class members makes class certification "the most efficient means of adjudicating the controversy" in cases such as this one where "the class is numerous but the potential recovery for each member quite small." *Krey v. Castle Motor Sales, Inc.*, 241 F.R.D. 608, 617-18 (N.D. Ill. 2007). Given that it is exceedingly unlikely that many, or any, individuals will go to court for small individual recoveries "or that they could find counsel willing to represent them," class certification is the most appropriate means of resolving the issues in this matter. *Id.*

### b. Defendants' Recordkeeping

Defendants also appear to argue that an IMWL class action is not superior because it would "automatically bring within the class non-existent employees and use fictitious payroll as a basis for damage calculation." Def.'s Mem. Opp., at 9. Defendants are mistaken.

As explained above, under the *Mt. Clemens* framework Plaintiffs may ultimately meet their burden of proof, even in instances where the employer's records are inaccurate or inadequate, by establishing their claim "as a matter of just and reasonable inference." *Mt. Clemens Pottery Co.*, 328 U.S. at 687-88. The burden of proof then shifts to the employer, who must present evidence either to establish the "precise" amount of time worked, or "to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.* Defendants' argument runs counter to *Mt. Clemens* and fails logic because it would improperly penalize employees for an employer's misconduct and would deter employers from maintaining accurate time and payroll records as required under federal and state law. *Id.*

Moreover, now is not the time for the Court to be assessing the precise documents – if any – that Plaintiffs will be using to ultimately prove their claims or the quantum of the class' damages. *George, supra,* 251 F.R.D. at 343.

### c. The FLSA is No Bar to Class Action of Plaintiffs' IMWL Claims

Defendants also suggest that certifying the IMWL class action is improper because the "opt out" class action procedure conflicts with the opt-in procedure of the FLSA. This argument does not make sense in the context of Plaintiffs' efforts to certify *only* their state law IMWL claims. Plaintiffs do not seek – and do not intend to seek – dual certification of their IMWL class action and FLSA collective action claims.

Moreover, Defendants' very brief argument (Def.'s Mem. Opp, at 9) that certifying Plaintiffs' IMWL claim is not a "superior" method of proceeding with this action because it would be at "odds with the 'crucial policy decision' providing for 'opt-in' membership of a FLSA claim" is really an argument about preemption. See, e.g., *Hernandez v. Gatto Industrial Platers, Inc.*, No. 08 CV 2622, 2009 U.S. Dist. LEXIS 36023 (April 28, 2009).[3] There is no merit to such a preemption argument.

Relying on *McClain v. Leona's Pizzeria, Inc.*, 222 F.R.D. 574, 577 (N.D. Ill. 2004), Defendants' argument apparently is premised on the fact that FLSA does not permit conventional Rule 23 class actions. In a standard Rule 23 class action, individuals are considered class members until they request exclusion from the litigation. Fed. R. Civ. P. 23(c)(2)(B)(v). Instead, FLSA requires individuals to file express opt-ins with the court to become a party in a collective action relating to unpaid overtime compensation. 29 U.S.C. §216(b). The IMWL lacks such opt-in provisions, and class certification of claims under IMWL are governed by 735 ILCS 5/2-801, which follows the conventional class action treatment of Rule 23. *Cruz v. Unilock Chicago*, 383 Ill.App.3d 752, 761, 892 N.E.2d 78, 89, 322 Ill.Dec. 831, 842 (Second Dist. 2008)(noting that Section 2-801 of the Illinois Code of Civil Procedure governs IMWL class certification and is based on Fed. R. Civ. P. 23); *see also* 735 ILCS 5/2-801 ("Any class member seeking to be excluded from a class action may request such exclusion.") (following the opt-out language of Fed. R. Civ. P. 23(c)(2)(B)(v)). See *Hernandez*, 2009 U.S. Dist. LEXIS 36023, at *6.

This Court simply need not address this issue in this case. Regardless of whether there is any conflict in dual certification – and Plaintiffs submit there is none – there is no "conflict in

---

[3] *Hernandez v. Gatto Industrial Platers, Inc.*, 2009 U.S. Dist. LEXIS 36023, is attached hereto as Exhibit C.

permitting class certification on the state law claim while the FLSA claims advance as *individual prayers for relief.*" *Hernandez,* 2009 U.S. Dist. LEXIS 36023, at *8 (emphasis added). As Judge Coar explained in *Hernandez,* Congress did not expressly preempt state overtime laws nor intend FLSA to occupy the field of wage and hours regulation; in fact, Congress expressly permitted state wage and hour laws that provide more protection to employees than the federal statute. *Id.*, citing, 29 U.S.C. § 218(a) ("No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum work week lower than the maximum workweek established under this chapter."). Thus, the mere fact "that Plaintiffs claims mix IMWL and FLSA causes of action, and the FLSA claims require different certification procedures than the IMWL claims do, does not raise conflict preemption problems or require the invalidation of the class certification procedures that govern Illinois law." *Id.* at *9-10.

Class certification under Rule 23 is a superior means to adjudicate the overtime claims of Plaintiffs and the class of employees who were denied their overtime wages because it "allows for a more cost-efficient and fair litigation of common disputes" and the claims of all class members can be resolved in this one judicial proceeding. *Damassia v. Duane Reade, Inc.,* 250 F.R.D. 152, 164 (S.D.N.Y. 2008); See also *Jonites,* 2006 U.S. Dist. LEXIS 75510, at *23-24; *Ladegaard,* 2000 U.S. Dist. LEXIS 17832, at *27.

### III. CONCLUSION

With respect to the Count II IMWL overtime claim against Defendants, Plaintiffs seek to certify the following class:

> all hourly employees who have been employed by Defendants or their predecessors since January 13, 2006, through and including the present, and who

11

have not been paid overtime wages at a rate of one and one half times their regular rate of pay for all time they worked over forty (40) hours in individual work weeks in at least one work week during the applicable time period. (hereinafter "IMWL Class").

The statute of limitations under the IMWL for filing an overtime wage claim is three years. 820 ILCS 105/12. Plaintiffs respectfully request the Court enter an order (a) certifying this case under FRCP 23 as a class action with respect to Plaintiffs' IMWL overtime claim, and (b) approve for distribution the mailing of notice under the provisions FRCP 23, to each class member at Plaintiffs' expense. Plaintiffs further request that Defendants provide the names and addresses of all similarly-situated hourly employees, who between January 13, 2006 and the present, were subject to Defendants' common practice of denying employees overtime wages.

Dated: July 7, 2009

Respectfully submitted,

s/Douglas M. Werman
One of the Attorneys for Plaintiffs

Douglas M. Werman
Maureen A. Bantz
David E. Stevens
Werman Law Office, P.C.
77 W. Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the following **Plaintiffs' Reply in Support of Their Motion for Class Certification of Their Claims Arising Under the Illinois Minimum Wage Law** was served via electronic mail on July 7, 2009 on:

Gregory A. Bedell
Knabe, Kroning & Mainzer
20 South Clark Street, Suite 2301
Chicago, IL 60603

s/Douglas M. Werman
One of Plaintiff's Attorneys

Douglas M. Werman
Maureen A. Bantz
David E. Stevens
Werman Law Office, P.C.
77 W. Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Attorneys for Plaintiffs