MHN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANCISCO BARRAGAN and ) <br> LIBERTO DE LA ROSA, on behalf of themselves ) <br> and all other similarly situated persons, known and ) <br> unknown, ) <br>          Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> EVANGER'S DOG AND CAT FOOD CO., INC.; ) <br> HOLLY N. SHER and JOEL SHER, individually, ) <br> ) <br>          Defendants. ) | Case No. 09 CV 227 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Francisco Barragan and Liberto De La Rosa, filed this suit against Defendants Evanger's Dog and Cat Food Company, Inc. ("Evanger's), Holly N. Sher and Joel Sher,[1] alleging that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq*. Plaintiffs allege Defendants failed to pay them and others similarly situated overtime pay, at one-and-a-half time their regular hourly rate, for time they worked in excess of forty hours in individual workweeks. Before the Court is Plaintiffs' Motion for Class Certification of Their Claims Arising Under the IMWL only.[2] (Docket No. 32.) Plaintiffs seek to certify the following class:

---

[1] Evanger's, Holly Sher and Joel Sher are collectively referred to as Defendants.

[2] Plaintiffs state that they do not intend to move for conditional certification of their FLSA claim under 29 U.S.C. § 216(b).

1

all hourly employees who have been employed by Defendants or their predecessors since January 13, 2006, through and including the present, and who have not been paid overtime wages at a rate of one-and-one half times their regular rate of pay for all time they worked over forty (40) hours in individual workweeks in at least one workweek during the applicable time period.

## LEGAL STANDARD

"The Federal Rules of Civil Procedure provide the federal district court with broad discretion to determine whether certification of a class action is appropriate." *Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 1992). To receive class certification, the named class representatives must satisfy all four elements of Fed. R. Civ. P. 23(a): (1) numerosity: the class must be "so numerous that joinder of all members is impracticable"; (2) commonality: "there are questions of law or fact common to the class"; (3) typicality: "the claims or defenses of the representative parties are typical of the claims or defenses of the class"; and (4) adequacy of representation: "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). In addition, in order to be certified, an action must be maintainable under at least one of the three provisions of Rule 23(b). Here, Plaintiffs seek certification under Rule 23(b)(3), which requires "that the questions of law or fact predominate over any questions affecting only individual members, and that a class action is superior to the available methods for the fair and efficient adjudication of the controversy."

Further, allegations made in support of class certification are considered true. *Hardin v. Harschbarger*, 814 F. Supp. 703, 706 (N.D. Ill. 1993). As a general matter, the court does not examine the merits of the case. *Retired Chicago Police Ass'n v. City of*

*Chicago*, 7 F.3d 584, 598 (7th Cir. 1993). However, a court "may look beyond the pleadings to determine whether the requirements of Rule 23 have been satisfied." *Dhamer v. Bristol-Myers Squibb Co.*, 183 F.R.D. 520, 529-30 (N. D. Ill. 1998). The party seeking certification bears the burden of establishing that certification is proper. *See Trull v. Plaza Assoc.*, 1998 WL 578173 (N.D. Ill. Sept. 3, 1998).

## ANALYSIS

Plaintiffs contend all the requirements of Fed. R. Civ. P. 23(a) are satisfied with respect to their IMWL claim and that certification is appropriate under Rule 23(b)(3): numerosity exists because the size of the class will exceed 100 people based on an analysis by Adriana Rodriguez of Defendants' payroll documentation, which Rodriguez states identifies 155 individuals who were not paid appropriate overtime; commonality exists because all class members claim the same common pay practice of Defendants of failing to pay overtime wages for more than forty hours worked in a given workweek; the representative members' claims are typical of the claims of the class in this regard because they arise out of Defendants' failure to pay overtime; and there is adequacy of representation because the named representatives have no interest antagonistic to the interests of the class and Plaintiffs' attorneys are qualified. Further, Plaintiffs contend the common issue of Defendants' unlawful pay practice predominates over individual issues presented in the case, and a class action is the superior means of adjudicating their state claim under Rule 23(b)(3). They assert that a class action will enable the court to resolve similar claims of 150 low-wage workers (who would otherwise not be able or inclined to pursue individual suits) in "one simple, coordinated proceeding," and

3

Defendants would benefit by being "spared the expense and complexity of many scores of individual lawsuits."

Defendants oppose class certification. Their main argument is that an employee embezzlement scheme perpetrated by a former management employee of Evanger's, Thomas Schaade, has rendered the employee lists and payroll records of Evanger's unreliable. Specifically, Schaade falsified the company's records to create a number of fictitious employees and altered employee time and payroll records; thus, the number of employees in the plaintiff class, as well as the employment status of each employee and the number of hours they worked, cannot be definitively determined from the records of Evanger's, as determined by Adriana Rodriguez. According to Defendants, these issues require individualized proofs, making certification inappropriate under Rules 23(a) and 23(b)(3).

In addition, Defendants argue a class action is not the superior method of adjudicating the controversy. They argue: (1) due to Schaade's compromising of the employee records of Evanger's, "neither the Plaintiffs nor the Defendants can say with any degree of accuracy how many potential [individual] suits could arise" in the absence of a class action; and (2) an IMWL class action is "opt-out" in nature and is at odds with the "opt-in" requirements of the FLSA, the federal claim asserted in the case and the basis for the exercise of federal jurisdiction.

*The Requirements of Rule 23(a)*

In order to show numerosity, a plaintiff does not need to demonstrate the exact number of class members as long as a conclusion is apparent from good-faith estimates.

4

*Peterson v. H&R Block Tax Serv.*, 174 F.R.D. 78, 81 (N.D. Ill. 1997). "Common sense assumptions" can be made in order to support a finding of numerosity. *Grossman v. Waste Managment, Inc.*, 100 F.R.D. 781, 785 (N.D. Ill. 1984). Although there is no number requiring or barring a finding of numerosity, a class including more than 40 members is generally believed to be sufficient. *See Ringswald v. County of DuPage*, 196 F.R.D. 509, 512 (N.D. Ill. 2000).

Plaintiffs have shown numerosity. Plaintiffs attached to their memorandum of law a chart identifying 155 employees who, according to Defendants' payroll records, worked more than forty hours in a week but were not paid overtime. In response, Defendants produced the declaration of Rodrigo Gonzalez, who states that he is unable to recognize 24 of the 155 individuals on the chart identified as not receiving overtime pay. The persons unknown to Gonzalez are apparently fictitious and part of Schaade's embezzlement scheme. However, even assuming this is true, the chart still identifies 131 potential class members. Furthermore, Plaintiffs have submitted a supplemental declaration of Adriana Rodriguez, in which she states that seventy-two employees were not paid appropriate overtime for work after September 2008, when Schaade's employment with Evanger's terminated. This number is sufficient to support a class action.

Commonality requires that there be at least one question of law or fact common to the class. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) (*Rosario*). There is at least one common issue here, as all of the proposed class members claim they were subjected to the same unlawful employment practice of Defendants: a denial of overtime

pay for hours worked in excess of forty in a given workweek. This alleged common employment practice represents a sufficient common issue of law or fact. Therefore, commonality exists.

Typicality is closely related to commonality. *Ruiz v. Stewart Assoc.*, 171 F.R.D. 238, 242 (N.D. Ill. 1997). A plaintiff's claim is typical if it: (1) arises from the same event, practice, or course of action that gives rise to the claims of other class members; and (2) the claims of the plaintiff and the class members are based on the same legal theory. *Rosario*, 963 F.2d at 1018. This requirement is also satisfied here. Plaintiffs' claims and the claims of all potential class members arise from the same course of action of Defendants – again, the alleged failure to pay overtime; and the claims of Plaintiffs and the potential class also arise from the same legal theory, an alleged violation of the IMWL.

Defendants do not dispute that the named class representatives will fairly and adequately protect the interests of the class. Plaintiffs' attorneys appear qualified, and no apparent conflicts exist between the named Plaintiffs and the class. Thus, there is adequacy of representation.

The threshold requirements of Rule 23(a) are met.

*The Requirements of Rule 23(b)(3)*

Defendants contend the predominance requirement of Rule 23(b)(3) is not satisfied because fact-intensive individual issues predominate over common issues. Specifically, Defendants argue that Schaade's fraudulent scheme requires that for Plaintiffs to establish Evanger's liability for overtime wages, each class member must

establish that he or she was in fact employed by Evanger's and must prove their "actual tenure" at the company.

However, the predominance requirement is satisfied. The predominance inquiry of Rule 23(b)(3) is "far more demanding" than the commonality requirement of Rule 23(a). *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997). While commonality looks to whether class members share factual or legal issues, the predominance inquiry examines whether the shared attributes will be the main focus of the litigation. *See id.*

The IMWL claim alleged here arises from a uniform type of alleged violation by Defendants, namely, a common practice of failing to pay overtime pay. There can be no question that this alleged common practice will be the principal issue of the litigation. Although Defendants have identified some individual issues that may require resolution with respect to some class members in light of Schaade's fraudulent conduct, there is no reason to conclude that such individual issues will be a significant part of the case or will even require much individualized inquiry. Every class member will have to have a good-faith basis to believe he or she satisfies the class definition and will presumably know, or have information regarding, his or her dates of employment with Evanger's and whether he or she worked more than forty hours in a given workweek. Thus, the possible individual issues Defendants point to are manageable and will not constitute a significant aspect of the class action.[3] Rather, the common issues of the pay practices of Evanger's

---

[3] Furthermore, where an "employer's records are inaccurate or inadequate" . . . [t]he "solution . . . is not to penalize the employee by denying him any recovery." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1945) (superseded by statute on other grounds). In FLSA claims, the plaintiff must produce "sufficient evidence to show the amount and extent of

7

and whether they violate the IMWL will be the main focus. Thus, a class action, with its benefits of consistency and efficiency, is the superior method of resolving the controversy.

Defendants' second argument is that superiority is lacking because of the "opt-out" nature of a class action under the IMWL, which differs from Section 216(b) of the FLSA, establishing an opt-in system for collective actions. *See* 29 U.S.C. § 216(b). In contrast, class actions under the IMWL are governed by Fed. R. Civ. P. 23, which creates an "opt-out" class, requiring parties to file a consent if they do not want to join the action. *Vanskike v. Peters*, 974 F.2d 806, 812-13 (7th Cir. 1992). A number of courts in this district have rejected attempts by plaintiffs to certify a class action based on the IMWL, while simultaneously asserting a "collective" action under the FLSA. *See, e.g., McClain v. Leona's Pizzeria, Inc.*, 222 F.R.D. 574, 577 n. 4 (N.D. Ill. 2004) (*McClain*). As Judge Castillo reasoned in *McClain*, this could create "the rather incongruous situation of an FLSA 'class' including only a tiny number of employees . . . with a state-law class that nonetheless includes all or nearly all of the companies' present or former employees. To do so would effectively allow a federal tail to wag what is in substance a state dog."

---

work performed "as a matter of just and reasonable inference," shifting the burden to the employer to show the precise amount of work done or evidence negating the reasonableness of an inference. Here, Plaintiffs are entitled to discovery regarding the payroll records of Evanger's. Whether the evidence is sufficient to prove Plaintiffs' claims can later be determined. The possibility that some of the payroll records may be inaccurate does not preclude certification.

*McClain*, 222 F.R.D. at 577 (citations omitted).[4]

This Court certified a class action under the IMWL in *Yon v. Positive Connections, Inc.*, Case No. 04 CV 2680, 2005 WL 628016 (N.D. Ill. Feb. 2, 2005) (*Yon*), where the plaintiffs sought to certify their IMWL claim only and did not seek certification of a joined FLSA claim. The plaintiffs in *Yon* initially filed their action in state court, and it was removed by defendants to federal court. The Court reasoned that it would be "unfair and inefficient" to "permit Defendants to remove [the] case to federal court and then prevent class certification of the IMWL claim."[5]

Recently, in a removed case, Judge Coar also allowed certification of an IMWL claim only. *See Hernandez v. Gatto Industrial Platers, Inc.*, Case No. 08 CV 2622, 2009 WL 1173327 (N.D.Ill. Apr. 28, 2009) (*Hernandez*). Judge Coar found "no conflict in permitting class certification on the state-law claim while the FLSA claims advance as individual prayers for relief." Judge Coar reasoned:

---

[4] On the other hand, some courts in this district have certified a state-law wage claim class action in a case that also includes an FLSA collective action. *See O'Brien v. Encotech Constr. Servs., Inc.*, 203 F.R.D. 346, 352 (N.D. Ill. 2001).

[5] The Court found the reasoning of opinions from courts in this district, refusing to allow certification of an IMWL claim with a simultaneous "collective" action under the FLSA, "compelling when the plaintiff has filed both federal and Illinois wage claims in federal court and seeks class certification on both." *Yon*, 2005 WL 628016 at * 4.

> Congress did not expressly preempt state overtime laws nor intend FLSA to occupy the field of wage and hours regulation; in fact, Congress expressly permitted state wage and hour laws that provide more protection to employees than the federal statute. 29 U.S.C. § 218(a) ("No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum workweek established under this chapter.") . . . The mere fact that Plaintiffs' claims mix IMWL and FLSA causes of action, and the FLSA claims require different certification procedures than the IMWL claims do, does not raise conflict preemption problems or require the invalidation of the class certification procedures that govern Illinois law.

*Hernandez*, 2009 WL 1173327 at *3.

Judge Coar's reasoning is persuasive and applicable here, even though this case was initially filed by Plaintiffs in federal court. Simply, the FLSA does not preempt the field of wage and hour regulation; therefore, Congress did not prohibit Plaintiffs from prosecuting their IMWL claim as allowed by Illinois law, notwithstanding the fact that their state claim has different procedures than the FLSA for maintaining a class action. Furthermore, Plaintiffs do not seek to certify their FLSA claim. Therefore, as Judge Coar found in *Hernandez*, there is "no conflict in permitting class certification on the state-law claim while the FLSA claims advance as individual prayers for relief."

Rule 23(b)(3) is satisfied. Common questions of law or fact predominate over questions affecting only individual members, and a class action is superior to the available methods for the fair and efficient adjudication of the controversy.

10

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Class Certification of Their Claims Arising Under the IMWL is granted for the following class:

all hourly employees who have been employed by Defendants or their predecessors since January 13, 2006, through and including the present, and who have not been paid overtime wages at a rate of one-and-one-half times their regular rate of pay for all time they worked over forty (40) hours in individual workweeks in at least one workweek during the applicable time period.

Date: August 27, 2009

JOHN W. DARRAH
United States District Court Judge

11