IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANCISCO BARRAGAN and LIBERTO DE LA ROSA, on behalf of themselves and all other similarly situated persons, known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>EVANGER'S DOG AND CAT FOOD CO., INC, HOLLY N. SHER AND JOEL SHER, individually,<br><br>Defendants. | Case No.  09 CV 227<br>Judge Darrah<br>Magistrate Judge Mason |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR APPROVAL OF THEIR CLASS ACTION NOTICE
AND NOTICE PROGRAM**

The defendants, **EVANGER'S DOG AND CAT FOOD CO., INC., HOLLY N. SHER and JOEL SHER**, (hereinafter collectively referred to as the "Defendants") by Gregory A. Bedell, of Knabe, Kroning & Mainzer, their attorney, respectfully submit this Response to the Plaintiffs' Motion for approval of their class action notice and notice program.

**INTRODUCTION**

The Defendants take no issue with the form of notice submitted for approval.  The Defendants submit, however, that this case merits sending, in addition to the notice, a proof of claim form which class members should be required to return in order to make a claim for damages.  As the Defendants argued in their opposition to class certification, a former

1

employee's embezzlement scheme involved creating ghost employees, retaining separated employees on the payroll past their separation and manipulating payroll and payroll records. In order to determine the true scope and breadth of the class and its claims, which cannot fairly be determined from payroll records, the simple and relatively costless procedure of requiring submission of a claim form is appropriate in this case.

## ARGUMENT

The Court has the inherent power, pursuant to Rule 23(d) of the Federal Rules of Civil Procedure, to enter orders which "(B) require – to protect the class members and fairly conduct the action – giving appropriate notice to some or all class members of: … (iii) the members' opportunity to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or to otherwise come into the action."

Courts have recognized that, in special circumstances, requiring class members to file a proof of claim is appropriate and, in fact, beneficial to efficiently concluding the action. *See, e.g.* In re United States Financial Securities Litigation, 69 F.R.D. 24, 52-54 (S.D. Ca. 1975), and cases cited therein.

Recognizing that use of the proof of claim form procedure was not "novel," the Third Circuit Court of Appeals in Kyriazi v. Western Electric Co., 647 F.2d 388, 392 (3rd Cir. 1981), approved use of claim form stating that the procedure assisted the court in the efficient control of the litigation and provided the judge "with a realistic estimate of potential claims and their

amount."1  *See also* <u>Philadelphia Elec.Co. v. Anaconda American Brass Co.</u>, 43 FRD 452, 459 (E.D. Pa. 1968)(claim forms reveal "the true scope of the litigation, and whether either greatly reduce the trouble and expense of any subsequent notices which may be required, or provide a basis for informed reappraisal of the class-action question under 23(c)(1)").

In the instant case, included in the class certified by the Court are names of individuals, for example "Ronal Rigan," who the Defendants contend is a fictitious person created as part of Thomas Schaade's embezzlement scheme, and Luis Infante, an actual, former employee whose checks were repeatedly issued at the direction of Schaade, who then forged Infante's endorsement, cashed the check and retained the money; these checks appear to include unpaid overtime.2  Defendants contend, as they did in their opposition to class certification, that these situations were not isolated or unique but were part of a pattern of fraud.

This particular fraud creates a special circumstance which justifies the use of a proof of claim procedure.  Requiring proofs of claim at this stage would permit the Court and the parties to learn who is real, who is not and who in fact may have claims that they in fact worked overtime but were not paid.   The procedure would certainly reduce the amount of discovery required; it would further clarify the true stake of the case and expedite its disposition.

---

1 The class in <u>Kyriazi</u> was certified as a 23(b)(2) class, but it also sought monetary damages.  In light of this, the Court concluded "whether it be a hybrid 23(b)(2) action or a pure 23(b)(3) action, some form of proof of claim procedure is a patent necessity."  647 F.2d at 396.

2 See Attachment 2 to Exhibit 3, "Declaration of Adriana Rodriguez, numbers 125 and 71.

**CONCLUSION**

For the reasons stated above, the Defendants respectfully submit that the Plaintiffs' proposed Class Action Notice and Notice Program be modified to include a required proof of claim, in a form acceptable to the Court.

                                            **EVANGER'S DOG AND CAT FOOD CO., INC,
HOLLY N. SHER AND JOEL SHER,**

Dated:   November 19, 2009                s/Gregory A. Bedell, Esq.
                                                    Gregory A. Bedell, Esq. (6189762)
                                                    Knabe, Kroning & Mainzer
                                                    Two First National Plaza
                                                    20 South Clark Street
                                                    Suite 2301
                                                    Chicago, Illinois  60603
                                                    312.977.9119
                                                    312.977.9009 (fax)
                                                    gbedell@kkm-law.com